**ORIGINAL**

FILED
2008 MAY 20  PM 12: 25
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACCUSYS (U.S.A.), INC., AURAGEN TECHNOLOGIES, INC., DIGI-DATA CORPORATION, RAVE COMPUTER ASSOCIATION, INC., CI DESIGN EUROPE B.V., ARENA-MAXTRONIC, INC., BAYDEL NORTH AMERICA, INC., STORAGE ENGINE, INC., COMPELLENT TECHNOLOGIES, INC., and INLINE CORPORATION,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | CASE NO. _____<br>JURY DEMANDED<br><br>**A08CA 394 LY** |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.   Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.   Upon information and belief, Defendant Accusys (U.S.A.), Inc. ("Accusys") is a California corporation with a principal place of business of 46710 Fremont Blvd., Fremont, California 94538.

3. Upon information and belief, Defendant Auragen Technologies, Inc. ("Auragen") is a California corporation with a principal place of business of 3182 Pullman Street, Costa Mesa, California 92626.

4. Upon information and belief, Defendant Digi-Data Corporation ("Digi-Data") is a Maryland corporation with a principal place of business of 8920 D Route 108, Columbia, Maryland 21045.

5. Upon information and belief, Defendant Rave Computer Association, Inc. ("RAVE") is a Michigan corporation with a principal place of business of 36960 Metro Court, Sterling Heights, Michigan 48312.

6. Upon information and belief, Defendant Ci Design Europe B.V. ("Ci Design") is a Delaware corporation with a principal place of business of 20 Odyssey, Irvine, California 92618.

7. Upon information and belief, Defendant Arena-Maxtronic, Inc. ("Arena-Maxtronic") is a California corporation with a principal place of business of 15320 East Valley Boulevard, City of Industry, California 91746.

8. Upon information and belief, Defendant Baydel North America, Inc. ("Baydel") is a California corporation with a principal place of business of 2370 Bering Drive, San Jose, California 95131-1121.

9. Upon information and belief, Defendant Storage Engine, Inc. ("Storage Engine") is a New Jersey corporation with a principal place of business of One Sheila Drive, Tinton Falls, New Jersey 07724.

10. Upon information and belief, Defendant Compellent Technologies, Inc. ("Compellent") is a Delaware corporation with a principal place of business of 7625 Smetana Lane, Eden Prairie, MN 55344-3712.

11. Upon information and belief, Defendant Inline Corporation ("Inline") is a Virginia corporation with a principal place of business of 45925 Maries Road, Dulles, Virginia 20166.

12. Upon information and belief, Defendants Accusys, Auragen, Digi-Data, RAVE, Ci Design, Arena-Maxtronic, Baydel, Storage Engine, Compellent, and Inline ("Defendants") make, use, offer for sale, sell and/or import into the United States various storage products, including the following: Auragen's F-15 and IS325; Digi-Data's T Series; RAVE Computer's Tiger RAID and Digi-Data's T Series; Accusys' ACS; Ci Design's RAID Series, Ci9000 Series and Fibre Products; Arena Maxtronic's Janus; Baydel's SAStor; Storage Engine's Synchronix, Storage Subsystems and Storage Server; Compellent's Storage Center Hardware, Storage Center Software and Interface Software; and Inline's TE Series.

## JURISDICTION AND VENUE

13. This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

14. Upon information and belief, each of the Defendants transacts business in this judicial district and Defendants have sufficient contacts with this judicial district to subject themselves to the jurisdiction of this Court. Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

15. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

16. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

17. Each of the Defendants has directly infringed, actively induced infringement and contributed to the infringement of the '035 Patent. On information and belief, the Defendants continue to directly infringe, actively induce infringement and contribute to the infringement of the '035 Patent.

18. Specifically, each of the Defendants has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products. By engaging in certain acts such as making, using, offering for sale, selling, importing, marketing, supporting and advertising of certain of their storage products, each of the Defendants has actively induced and contributed to the infringement of the '035 Patent.

19. Defendants Accusys, Digi-Data, RAVE, Ci Design, Arena-Maxtronic, Storage Engine, Compellent and Inline have been on notice of the '035 Patent and have not ceased their infringing activities. The infringement of the '035 Patent by Defendants Accusys, Digi-Data, RAVE, Ci Design, Arena-Maxtronic, Storage Engine, Compellent and Inline has been and continues to be willful and deliberate.

20.  Crossroads has been irreparably harmed by Defendants' acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

21.  As a result of Defendants' acts of infringement, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

22.  Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

23.  On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued. A true and correct copy of the '147 Patent is attached hereto as Exhibit B. Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent. The '147 Patent is entitled to a presumption of validity.

24.  Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline have directly infringed, actively induced infringement and contributed to the infringement of the '147 Patent. Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline continue to directly infringe, actively induce infringement and contribute to the infringement of, the '147 Patent.

25.  Specifically, Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products. By engaging in certain acts, such as making, using, offering for sale, selling, importing, marketing, supporting and advertising certain of their storage products, Defendants

5

Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline are actively inducing and contributing to the infringement of the '147 Patent.

26. Defendants Digi-Data, RAVE, Compellent, Storage Engine and Inline have been on notice of the '147 Patent and have not ceased their infringing activities. The infringement of the '147 Patent by Defendants Digi-Data, RAVE, Compellent, Storage Engine and Inline has been and continues to be willful and deliberate.

27. Crossroads has been irreparably harmed by Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline's acts of infringement of the '147 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

28. As a result of the acts of infringement of the '147 Patent by Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That each of the Defendants has infringed the '035 Patent;

B. That such infringement of the '035 Patent by Defendants Accusys, Digi-Data, RAVE, CI Design, Arena-Maxtronic, Storage Engine, Compellent and Inline has been willful;

C. That Defendants account for and pay to Crossroads all damages caused by the infringement of the '035 Patent;

D. That Crossroads receive enhanced damages from Defendants Accusys, Digi-Data, RAVE, Ci Design, Arena-Maxtronic, Storage

        Engine, Compellent and Inline in the form of treble damages, pursuant to 35 U.S.C. § 284 based on these Defendants' willful infringement of the '035 Patent;

E.    That Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline have infringed the '147 Patent;

F.    That such infringement of the '147 Patent by Defendants Digi-Data, RAVE, Compellent, Storage Engine and Inline has been willful;

G.    That Defendants Auragen, Digi-Data, RAVE, Compellent, Storage Engine and Inline account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

H.    That Crossroads receive enhanced damages from Defendants Digi-Data, RAVE, Compellent, Storage Engine and Inline in the form of treble damages, pursuant to 35 U.S.C. § 284 based on these Defendant's willful infringement of the '147 Patent;

I.    That Defendants pay Crossroads all of Crossroads' reasonable attorney's fees and expenses;

J.    That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent and '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K.    That costs be awarded to Crossroads;

7

  L. That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '035 Patent and '147 Patent;

  M. That this is an exceptional case under 35 U.S.C. § 285; and

  N. That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Respectfully submitted,

Dated: May 20, 2008

By: *Steven Sprinkle, by permission*
Steven Sprinkle (Bar No. 00794962)
ssprinkle@sprinklelaw.com
Elizabeth J. Brown Fore (Bar No. 24001795)
ebrownfore@sprinklelaw.com
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088

*Elizabeth J. Brown Fore (Bar No. 24001795)*

John M. Guaragna (Bar No. 24043308)
Courtney P. Stewart (Bar No. 24042039)
DLA Piper US LLP
1221 South MoPac Expressway, Suite 400
Austin, Texas 78746-6875
Tel: (512) 457-7000
Fax: (512) 457-7001

8

Of Counsel:

John Allcock (Bar No. CA-98895)
(*pro hac vice* pending)
Sean C. Cunningham
(Bar No. CA 174931) (*pro hac vice* pending)
Jesse Hindman (Bar No. CA-222935)
(*pro hac vice* pending)
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701